MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ALBINO GALVEZ DE LOS SANTOS and
PALEMON MEJIA GUZMAN, *individually*
*and on behalf of others similarly situated,*

        *Plaintiffs*,

   -against-

ONE MILE HOUSE INC. (d/b/a ONE MILE
HOUSE ), MARTIN P. WHELAN, MARK
WHELAN, MICHAEL WINSCH, DANIEL C.
DWYER, GERARD LEARY, and
BENJAMIN HEITNER

       *Defendants.*
--------------------------------------------------------X

**Complaint**

**Collective Action under 29 U.S.C. §**
**216(b)**

**ECF Case**

   Albino Galvez De Los Santos and Palemon Mejia Guzman ("Plaintiffs"), individually

and on behalf of others similarly situated, by and through their attorneys, Michael Faillace &

Associates, P.C., upon their knowledge and belief, and as against One Mile House Inc. (d/b/a

One Mile House), ("Defendant Corporation"), Martin P. Whelan, Mark Whelan, Michael

Winsch, Daniel C. Dwyer, Gerard Leary and Benjamin Heitner ("Individual Defendants"),

(collectively, "Defendants"), allege as follows:

<u>**NATURE OF THE ACTION**</u>

1.      Plaintiffs are former employees of Defendants One Mile House Inc. (d/b/a One Mile House), Martin P. Whelan, Mark Whelan, Michael Winsch, Daniel C. Dwyer, Gerard Leary, and Benjamin Heitner.

2.       Defendants own, operate, and/or control a bar located at 10 Delancey St, New York, NY 10002 under the name One Mile House.

3.      Plaintiffs were employed by defendants as a dishwasher, porter, and cook.

4.      At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours they worked each week. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiffs (and similarly situated employees) appropriately for any hours worked over 40, either at the straight rate of pay, or for any additional overtime premium.

5.      Further, Defendants failed to pay Plaintiffs (and similarly situated employees) the required "spread of hours" pay for any day in which they had to work over 10 hours per day.

6.      Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

7.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

8.      Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq.* ("NYLL"), and the "spread of hours" and overtime wage orders of the New York

Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

9.      Plaintiffs now seek certification of this action as a collective action on behalf of themselves, individually, and of all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

10.      This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

11.      Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiffs were employed by Defendants in this district.

## THE PARTIES

### Plaintiffs

12.      Plaintiff Albino Galvez De Los Santos ("Plaintiff Galvez" or "Mr. Galvez") is an adult individual residing in Bronx County, New York. Plaintiff Galvez was employed by Defendants from approximately April 2014 until on or about January 27, 2018.

13.      Plaintiff Palemon Mejia Guzman ("Plaintiff Mejia" or "Mr. Mejia") is an adult individual residing in Bronx County, New York. He was employed by Defendants from approximately September 2014 until on or about late February 2016.

### Defendants

14.     At all times relevant to this Complaint, Defendants own, operate, and/or control a bar located at 10 Delancey St, New York, NY 10002, under the name One Mile House.

15.     Upon information and belief, One Mile House Inc. ("Defendant Corporation" or "One Mile House") is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 10 Delancey St, New York, NY 10002.

16.     Defendant Martin P. Whelan is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Martin P. Whelan is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporation.

17.     Upon information and belief, Defendant Martin P. Whelan possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

18.     Defendant Martin P. Whelan determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

19.     Defendant Mark Whelan is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Mark Whelan is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporation.

20.     Upon information and belief, Defendant Mark Whelan possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

21.     Defendant Mark Whelan determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

22.     Defendant Michael Winsch is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Michael Winsch is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporation.

23.     Upon information and belief, Defendant Michael Winsch possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

24.     Defendant Michael Winsch determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

25.     Defendant Daniel C. Dwyer is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Daniel C. Dwyer is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporation.

26.     Upon information and belief, Defendant Daniel C. Dwyer possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

27.     Defendant Daniel C. Dwyer determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

28.     Defendant Gerard Leary is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Gerard Leary is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporation.

29.     Upon information and belief, Defendant Gerard Leary possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

30.     Defendant Gerard Leary determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

31.     Defendant Benjamin Heitner is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Benjamin Heitner is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporation.

32.     Upon information and belief, Defendant Benjamin Heitner possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

33.     Defendant Benjamin Heitner determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

34.     Defendants operate a bar under the name "One Mile House," located in the Lower East Side section of Manhattan.

35.     Upon information and belief, individual defendants Martin P. Whelan, Mark Whelan, Michael Winsch, Daniel C. Dwyer, Gerard Leary, and Benjamin Heitner possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

36.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

37.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

38.     Defendants jointly employed Plaintiffs, and all similarly situated individuals, and are their (and all similarly situated individuals') employers within the meaning of 29 U.S.C. § 201 e*t seq.* and the NYLL.

39.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

40.     Upon information and belief, individual Defendants Martin P. Whelan, Mark Whelan, Michael Winsch, Daniel C. Dwyer, Gerard Leary, and Benjamin Heitner operate Defendant Corporation as either an alter ego of themselves, and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves by, among other things:

> a.  failing to adhere to the corporate formalities necessary to operate defendant Corporation as a separate and legally distinct entity;
>
> b.  defectively forming or maintaining defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;
>
> c.  transferring assets and debts freely as between all Defendants;
>
> d.  operating Defendant Corporation for their own benefit as the sole or majority shareholders;
>
> e.  operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation or closely held controlled entity;
>
> f.  intermingling assets and debts of their own with Defendant Corporation;
>
> g.  diminishing and/or transferring assets to protect their own interests; and
>
> h.  other actions evincing a failure to adhere to the corporate form.

41.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of compensation in exchange for their services.

42.     In each year from 2014 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

43.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were used and sold daily at One Mile House, such as liquor, were produced outside the State of New York.

*Plaintiffs*

44.     Plaintiffs are former employees of Defendants, who were employed as a dishwasher, porter, and cook.

45.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Albino Galvez De Los Santos*

46.     Plaintiff Galvez was employed by Defendants from approximately April 2014 until on or about January 27, 2018.

47.     Throughout his employment with defendants, Plaintiff Galvez was employed as a dishwasher and porter.

48.     Plaintiff Galvez regularly handled goods in interstate commerce, such as cleaning liquids and other supplies produced outside the state of New York.

49.     Plaintiff Galvez's work duties required neither discretion nor independent judgment.

50.     Plaintiff Galvez regularly worked in excess of 40 hours per week.

51.     From approximately April 2014 until on or about July 2014, Plaintiff Galvez worked from approximately 4:00 p.m. until on or about 12:30 a.m. or 1:00 a.m. on Mondays, Tuesdays and Wednesdays, from approximately 4:00 p.m. until on or about 1:00 a.m. or 1:30 a.m. on Thursdays, and from approximately 4:00 p.m. until on or about 2:00 a.m. or 2:30 a.m. on Fridays and Saturdays (typically 54.5 to 57.5 hours per week).

52.     From approximately July 2014 until on or about July 2015, Plaintiff Galvez worked from approximately 4:00 p.m. until on or about 12:00 a.m. and from approximately 1:00 a.m. until on or about 7:00 a.m. or 8:00 a.m. on Mondays, Tuesdays and Wednesdays, from approximately 4:00 p.m. until on or about 1:00 a.m. and from approximately 2:00 a.m. until on or about 8:00 a.m. or 9:00 a.m. on Thursdays, and from approximately 4:00 p.m. until on or about 2:00 a.m. and from approximately 3:00 a.m. until on or about 10:00 a.m. on Fridays and Saturdays (typically 74 to 78 hours per week).

53.     From approximately July 2015 until on or about December 2016, Plaintiff Galvez worked from approximately 4:00 p.m. until on or about 12:00 a.m. and from approximately 7:00 a.m. until on or about 11:00 a.m. or 12:00 p.m. on Mondays, Tuesdays and Wednesdays, from approximately 4:00 p.m. until on or about 1:00 a.m. and from approximately 7:00 a.m. until on or about 12:00 p.m. or 1:00 p.m. on Thursdays, and from approximately 4:00 p.m. until on or about 2:00 a.m. and from approximately 8:00 a.m. or 9:00 a.m. until on or about 1:00 p.m. on Fridays and Saturdays (typically 65 to 68 hours per week).

54.     From approximately January 2017 until on or about April 30, 2017, Plaintiff Galvez worked from approximately 4:00 p.m. until on or about 12:00 a.m. or 12:30 a.m. on Mondays, Tuesdays and Wednesdays, from approximately 4:00 p.m. until on or about 1:00 a.m. or 1:30 a.m. on Thursdays, and from approximately 4:00 p.m. until on or about 1:30 a.m. on Fridays and Saturdays (typically 52 to 54 hours per week).

55.     From approximately April 2014 until on or about April 30, 2017, Plaintiff Galvez was paid his wages in a combination of check and cash.

56.     From approximately April 2014 until on or about June 2015, Defendants paid Plaintiff Galvez $9.00 per hour.

57.     From approximately June 2015 until on or about January 2016, Defendants paid Plaintiff Galvez $10.00 per hour.

58.     From approximately January 2016 until on or about April 30, 2017, Defendants paid Plaintiff Galvez $11.00 per hour.

59.     From approximately April 2014 until on or about April 30, 2017, Defendants did not provide Plaintiff Galvez with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

60.     No notification, either in the form of posted notices or other means, was given to Plaintiff Galvez regarding overtime and wages under the FLSA and NYLL.

61.     From approximately April 2014 until on or about April 30, 2017, Defendants did not provide Plaintiff Galvez with each payment of wages an accurate statement of wages, as required by NYLL 195(3). In fact, during this time period, Plaintiff Galvez's paystubs falsely indicated that he worked 40 hours or less per week.

62.     Defendants never provided Plaintiff Galvez, any notice in English and in Spanish

(Plaintiff Galvez' primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

63.    Defendants required Plaintiff Galvez to purchase "tools of the trade" with his own funds—including work shirts and work shoes.

*Plaintiff Palemon Mejia Guzman*

64.    Plaintiff Mejia was employed by Defendants from approximately September 2014 until on or about late February 2016.

65.    Plaintiff Mejia was employed as a cook.

66.    Plaintiff Mejia regularly handled goods in interstate commerce, such as food and other supplies produced outside the state of New York.

67.    Plaintiff Mejia's work duties required neither discretion nor independent judgment.

68.    Plaintiff Mejia regularly worked in excess of 40 hours per week.

69.    From approximately September 2014 until on or about late February 2016, Plaintiff Mejia worked 45 to 46 hours per week, five days per week.

70.    From approximately September 2014 until on or about late February 2016, defendants paid Plaintiff Mejia his wages in a combination of check and cash.

71.    From approximately September 2014 until on or about late December 2014, Defendants paid Plaintiff Mejia a fixed salary of $492 per week ($392 by check and $100 in cash).

72.    From approximately early January 2015 until on or about August 2015, Defendants paid Plaintiff Mejia a fixed salary of $526 per week ($426 by check and $100 in cash).

73.     From approximately August 2015 until on or about January 2016, Defendants paid Plaintiff Mejia a fixed salary of $550 per week ($450 by check and $100 in cash).

74.     From approximately January 2016 until on or about late February 2016, Defendants paid Plaintiff Mejia a fixed salary of $600 per week ($500 by check and $100 in cash).

75.     Plaintiff Mejia's pay did not vary even when he was required to stay late or work a longer day than his usual schedule.

76.     Defendants did not provide Plaintiff Mejia with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

77.     No notification, either in the form of posted notices or other means, was given to Plaintiff Mejia regarding overtime and wages under the FLSA and NYLL.

78.     Defendants did not provide Plaintiff Mejia with each payment of wages an accurate statement of wages, as required by NYLL 195(3). In fact, Plaintiff Mejia's paystubs falsely indicated that he worked 40 hours or less per week.

79.     Defendants never provided Plaintiff Mejia, any notice in English and in Spanish (Plaintiff Mejia's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

80.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs, and all similarly situated employees, to work in excess of 40 hours per week without paying them appropriate overtime and spread of hours compensation, as required by federal and state laws.

81.     As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

82.     Plaintiffs were victims of Defendants' common policy and practices violating their rights under the FLSA and New York Labor Law by not paying them the wages they were owed for the hours they had worked.

83.     Defendants' pay practices resulted in Plaintiff Mejia not receiving payment for all his hours worked.

84.     Defendants habitually required Plaintiff Mejia to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

85.     At all relevant times, Plaintiffs were paid their wages in a combination of check and cash.

86.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

87.     At all relevant times, Defendants failed to post required wage and hour posters in the workplace, and did not provide Plaintiffs with statutorily required wage and hour records or statements of their pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiffs' relative lack of sophistication in wage and hour laws.

88.     Defendants did not provide Plaintiffs with any document or other statement accurately accounting for their actual hours worked, and setting forth rate of minimum wage and overtime wage.

89.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

90.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

91.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated workers.

92.    Defendants failed to provide Plaintiffs and other employees with accurate wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

93.    Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a

mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

94.     Plaintiffs bring their FLSA overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants on or after the date that is three years before the filing of this Complaint (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

95.     At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions.

96.     At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them at a one and one-half times their regular rates for work in excess of forty (40) hours per workweek.

97.     At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have been subject to Defendants' willful failure to keep records required by the FLSA.

98.     The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
### (Violation of the Overtime Provisions of the FLSA)

99.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

100.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

101.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

102.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

103.     Defendants, in violation of the FLSA, failed to pay Plaintiffs (and the FLSA class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

104.     Defendants' failure to pay Plaintiffs (and the FLSA class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

105.     Plaintiffs (and the FLSA class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
**(Violation of the Overtime Provisions of the New York Labor Law)**

106.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

107.     Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiffs (and the FLSA class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

108.    Defendants' failure to pay Plaintiffs (and the FLSA class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

109.    Plaintiffs (and the FLSA class members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
**(Violation of the Spread of Hours Wage Order of the New York Commissioner of Labor)**

110.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

111.    Defendants failed to pay Plaintiffs (and the FLSA class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

112.    Defendants' failure to pay Plaintiffs (and the FLSA class members) an additional hour's pay for each day Plaintiffs' (and the FLSA class members) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

113.    Plaintiffs (and the FLSA class members) were damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

114.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

115.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if

any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the

regular pay day designated by the employer; the name of the employer; any "doing business as"

names used by the employer; the physical address of the employer's main office or principal

place of business, and a mailing address if different; and the telephone number of the employer,

as required by NYLL §195(1).

116.    Defendants are liable to each Plaintiff in the amount of $5,000, together with

costs and attorneys' fees.

<u>**FIFTH CAUSE OF ACTION**</u>

**(VIOLATION OF THE WAGE STATEMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW)**

117.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

118.    With each payment of wages, Defendants failed to provide Plaintiffs with a

statement listing each the following: the dates of work covered by that payment of wages; name

of employee; name of employer; address and phone number of employer; rate or rates of pay and

basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other;

gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages;

the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular

hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

119.    Defendants are liable to each Plaintiff in the amount of $5,000, together with

costs and attorneys' fees.

<u>**SIXTH CAUSE OF ACTION**</u>
**(RECOVERY OF EQUIPMENT COSTS)**

120.    Plaintiff Galvez repeats and realleges all paragraphs above as though set forth

fully herein.

19

121.    Defendants required Plaintiff Galvez to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, such as work shoes and work shirts, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

122.    Plaintiff Galvez was damaged in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment against Defendants:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members;

(c)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)    Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiffs and the FLSA class members;

(e)    Awarding Plaintiffs and the FLSA class members damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)    Awarding Plaintiffs and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime wages and damages

for any improper deductions or credits taken against wages under the FLSA as applicable

pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the overtime wage provisions of, and rules and

orders promulgated under, the NYLL as to Plaintiffs and the members of the FLSA Class;

(h)     Declaring that Defendants violated the Spread of Hours Wage Order of the New

York Commission of Labor as to Plaintiffs and the members of the FLSA Class;

(i)     Declaring that Defendants violated the recordkeeping requirements of the NYLL

with respect to Plaintiffs' and the FLSA class members' compensation, hours, wages; and any

deductions or credits taken against wages;

(j)     Declaring that Defendants' violations of the New York Labor Law and Spread of

Hours Wage Order were willful as to Plaintiffs and the FLSA class members;

(k)     Awarding Plaintiffs and the FLSA class members damages for the amount of

unpaid overtime wages, damages for any improper deductions or credits taken against wages, as

well as awarding spread of hours pay under the NYLL as applicable;

(l)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and

recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m)     Awarding Plaintiffs and the FLSA class members liquidated damages in an

amount equal to one hundred percent (100%) of the total amount of spread of hours pay, and

overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(n)     Awarding Plaintiffs and the FLSA class members pre-judgment and post-

judgment interest as applicable;

(o)     Awarding Plaintiffs and the FLSA class members the expenses incurred in this

action, including costs and attorneys' fees; and

(p)    Providing that if any amounts remain unpaid upon the expiration of ninety days

following issuance of judgment, or ninety days after expiration of the time to appeal and no

appeal is then pending, whichever is later, the total amount of judgment shall automatically

increase by fifteen percent, as required by NYLL § 198(4); and

(q)    All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
       February 17, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.


By:    _____/s/ Michael Faillace_____
       Michael Faillace, Esq.
       60 East 42nd Street, Suite 4510
       New York, New York 10165
       Telephone: (212) 317-1200
       Facsimile: (212) 317-1620
       *Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

—————

Faillace@employmentcompliance.com

February 2, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                         **Albino Galvez De Los Santos**

                                       Michael Faillace & Associates, P.C.
Legal Representative / Abogado:

Signature / Firma:

Date / Fecha:                              02 de febrero de 2018

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

—————

Faillace@employmentcompliance.com

February 6, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                   Palemon Mejia Guzman

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                    6 de febrero 2018

*Certified as a minority-owned business in the State of New York*