# MICHAEL FAILLACE & ASSOCIATES, P.C.

Employment and Litigation Attorneys

One Grand Central Place                                   Telephone: (212) 317-1200
60 East 42nd Street, Suite 4510                            Facsimile: (212) 317-1620
New York, New York 10165                                  michael@faillacelaw.com

October 25, 2018

**VIA ECF**

Hon. Katharine H. Parker
United States Magistrate Judge
United States District Court
500 Pearl Street,
New York, NY 10007

    Re:    **Galvez De Los Santos et al v. One Mile House Inc. et al;
18-cv-1457 (KHP)**

Dear Judge Parker:

This office represents Plaintiffs in the above referenced matter. The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions. A copy of the Agreement is attached hereto as "Exhibit A."  We therefore ask the Court to approve the settlement, pursuant to <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F.3d 199 (2d Cir. 2015), and dismiss the case with prejudice.

1. **Background**

Plaintiff filed their Complaint against Defendants alleging claims for unpaid overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, spread of hours pursuant to the Hospitality Industry Wage Order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the Hospitality Wage Order), and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

Specifically, Plaintiff Albina Galvez De Los Santos alleged he worked for Defendants at their restaurant and bar called One Mile House from April 2014 until January 27, 2018, regularly

worked above 40 hours per week, and was paid at the same rate of pay for all hours worked, including overtime hours. Plaintiff Palemon Mejia Guzman worked for One Mile House from approximately September 2014 until late February 2016, worked 45 to 46 hours per week, and was paid a fixed weekly salary that failed to appropriately compensate him for overtime hours.

Defendants denied many of the material allegations in the Complaint.

## 2. Settlement Terms

Plaintiffs calculated that Galvez is entitled to approximately $21,500 in unpaid overtime ,and Mejia is entitled to approximately $9,200 in unpaid overtime. Plaintiffs estimates that if they had recovered in full for their claims, they would be entitled to approximately $105,112.00 which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs. Approximately 70% of the total damages are owed to Galvez, and 30% to Mejia. A copy of Plaintiff's damages chart, breaking down each amount sought from Defendants, is attached as "Exhibit B."

At a settlement conference before Your Honor, the parties agreed to settle this action for the total sum of $60,000.00. The settlement will be paid in three payments: a payment of $40,000 within 14 days after approval of the settlement, a payment of $10,000 by January 30, 2019, and a payment of $10,000 by June 30, 2019.

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed

settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were contested factual disputes that went to the heart of Plaintiff's claims. Defendants also claimed an inability to satisfy a judgment or pay a larger settlement.

Considering the risks in this case outlined above, Plaintiffs believe that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

### 3. **Plaintiff's Attorneys' Fees are Fair and Reasonable**

Under the settlement, and in accordance with their retainer agreement with the Plaintiff, Plaintiff's counsel will receive $20,309.00 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation net of costs, plus costs, as well as a reduction in fees from what is identified in Plaintiff's retainer agreement, which provide that forty percent of Plaintiffs' recovery will be retained by the firm.

The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. Additionally, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

Given Plaintiff's counsel's significant experience representing Plaintiffs in the New York City in wage and hour litigation, Plaintiff's counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations, and the Court's assistance at the settlement conference.

Plaintiffs' lodestar attorneys' fees are $9,090.00 , plus $776.00 in costs.  A copy of Plaintiffs' attorneys billing records are annexed as Exhibit C.  While the allocated attorneys' fees under the settlement agreement are more than the Plaintiffs' attorneys' lodestar amount, the fees bear a reasonable relationship to the lodestar.  Awarding the requested attorneys' fees promotes the public policy of aligning plaintiffs' attorneys with their clients' interests and incentivizing attorneys to obtain high settlements for their clients at an early stage of litigation, without taxing the parties and court's resources with extensive and sometimes unproductive discovery.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

    Respectfully submitted,

    /s/ Michael Faillace
    Michael Faillace, Esq.
    MICHAEL FAILLACE & ASSOCIATES, P.C.
    Attorneys for the Plaintiffs

Encls.

Cc: Defendants' counsel (Via ECF)